*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* P. CARMAN-EAGER, Minor.

UNPUBLISHED
November 12, 2024
10:41 AM

No. 371024
Midland Circuit Court
Family Division
LC No. 23-005564-NA

Before: GADOLA, C.J., and SWARTZLE and LETICA, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to her minor child under MCL 712A.19b(3)(f). We affirm.

## I. FACTS

Respondent is PCE's biological mother. Petitioner is PCE's paternal aunt who has cared for PCE during most of the child's life. PCE was born in 2018. In February 2019, when the child was approximately seven months old, respondent, PCE, and PCE's father moved into the paternal grandmother's home where petitioner also lived. Several months later, PCE's father was arrested and incarcerated. Shortly thereafter, respondent moved from the home, leaving PCE behind. Petitioner assumed care of PCE with the help of the paternal grandmother. During this time, neither respondent nor PCE's father provided support for PCE.

In October 2020, PCE's father died. Thereafter, respondent visited the child briefly on December 25, 2020, and again in January 2021. On January 26, 2021, the trial court appointed petitioner as PCE's guardian. In February, 2021, petitioner and PCE moved from petitioner's family's home to a nearby house previously owned by PCE's father. Thereafter, petitioner arranged for respondent to visit the child a third time. During the visit, however, respondent did not engage with PCE. Petitioner continued to care for PCE and continued to live at the same location, but respondent did not again visit the child. Petitioner testified that she also unsuccessfully reached out to respondent's family to arrange visits with PCE, and only stopped arranging meetings between PCE and respondent when petitioner was advised by a counselor that respondent's lack of reliability would negatively impact PCE.

-1-

Petitioner worked two jobs to support herself and PCE, and petitioner's family provided a support system for petitioner and the child. In July 2021, the trial court ordered respondent to pay child support for PCE in the amount of $67 per month. Respondent did not comply with the child support order, however. From July 2021 until September, 2023, respondent made only one payment of $60. From September 2023 to January 2024, a child support payment of $48.05 was garnished from respondent's paycheck and respondent also made an online payment of $70. The Friend of the Court support enforcement officer testified that although respondent briefly was incarcerated, the support obligation is not deferred for periods of incarceration lasting less than 90 days.

In November 2023, petitioner filed a petition seeking to terminate respondent's parental rights under MCL 712A.19b(3)(f). At the adjudication, petitioner established that she was the primary caregiver for PCE, was providing PCE with a stable home, and was PCE's source of support, care, comfort, and discipline. Petitioner also established that respondent visited PCE only three times during the guardianship and had failed to comply with the child support order. The trial court assumed jurisdiction of PCE.

Petitioner sought termination at the initial disposition. PCE was almost six years old and respondent had not seen the child since early 2021 when the child was not quite three years old. Petitioner presented evidence that she was highly involved in PCE's life and school and was providing a stable home for PCE. Respondent did not dispute petitioner's claims, and admitted she had been substance addicted during most of PCE's life, but asserted that she had been sober for one year and was in a position to care for PCE.

The trial court terminated respondent's parental rights. The trial court found that statutory grounds for termination existed under MCL 712A.19b(3)(f) because the child was in a guardianship, and respondent had failed to substantially comply with the support order and failed to visit or communicate with PCE for over two years. The trial court also found that termination of respondent's parental rights was in the child's best interests. The trial court determined that petitioner was in a better position to provide PCE with a stable home and had a strong bond with PCE that did not exist between respondent and PCE. Respondent now appeals.

## II. DISCUSSION

### A. STATUTORY BASIS

Respondent contends that the trial court erred by finding that clear and convincing evidence demonstrated that termination was warranted under MCL 712A.19b(3)(f). We disagree.

To terminate a parent's rights to his or her child, the trial court must find that a statutory basis warranting termination under MCL 712A.19b(3) has been established by clear and convincing evidence. *In re Jackisch/Stamm-Jackisch*, 340 Mich App 326, 333; 985 NW2d 912 (2022). We review for clear error the trial court's factual findings as well as the trial court's determination that a statutory basis for termination has been proven by clear and convincing evidence. *In re Keillor*, 325 Mich App 80, 85; 923 NW2d 617 (2018). The decision to terminate parental rights is clearly erroneous if "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made."

*In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003). We will not find a trial court's decision clearly erroneous unless it is more than possibly or probably incorrect. *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011). We give considerable deference to the trial court's dispositional orders, *In re Sanders*, 495 Mich 394, 406; 852 NW2d 524 (2014), and particularly to the trial court's opportunity to evaluate the credibility of the witnesses. MCR 2.613(C); *In re MJC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 365616); slip op at 9.

In this case, the trial court terminated respondent's parental rights under MCL 712A.19b(3)(f), which provides:

(3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:

* * *

(f) The child has a guardian under the estates and protected individuals code, 1998 PA 386, MCL 700.1101 to 700.8206, and both of the following have occurred:

(*i*) The parent, having the ability to support or assist in supporting the minor, has failed or neglected, without good cause, to provide regular and substantial support for the minor for a period of 2 years or more before the filing of the petition or, if a support order has been entered, has failed to substantially comply with the order for a period of 2 years or more before the filing of the petition.

(*ii*) The parent, having the ability to visit, contact, or communicate with the minor, has regularly and substantially failed or neglected, without good cause, to do so for a period of 2 years or more before the filing of the petition.

A review of the record demonstrates that the trial court did not clearly err by finding that clear and convincing evidence supported termination of respondent's parental rights under MCL 712A.19b(3)(f). It is undisputed that petitioner was appointed guardian of PCE under the Estates and Protected Individuals Code, MCL 700.1101 *et seq*. To find that subsection (3)(f)(*i*) has been met, the trial court must find by clear and convincing evidence either that (1) the respondent-parent failed or neglected, without good cause, to provide regular and substantial support for the minor for a period of 2 years or more before the filing of the petition or (2) if a support order has been entered, that the respondent-parent has failed to substantially comply with the order for a period of 2 years or more before the filing of the petition. *In re Ernsberger*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 369225); slip op at 4.

Here, respondent was ordered to pay $67 each month in child support beginning in September 2021. From September 2021 to the date of the termination hearing, respondent made only three support payments. Respondent does not dispute that she did not comply with the support order for more than two years, but argues that she was unable earlier to make payments because of her addiction and incarceration. She admitted, however that she was only incarcerated for part of the time petitioner was guardian of PCE, that the incarceration was of short duration, and her support obligation therefore was not deferred. Consequently, the trial court did not err by finding that MCL 712A.19b(3)(f)(*i*) was met. See *In re Ernsberger*, ___ Mich App at ___; slip op at 4.

MCL 712A.19b(3)(f)(*ii*) is met when a parent, who has the ability to communicate, visit, or contact the child, fails to do so for two years or more. Respondent does not dispute that she has not visited PCE since early 2021, and did not maintain contact with PCE after moving out of petitioner's mother's home in early 2020. Respondent argues she could not maintain contact with PCE because she was in jail and had a strained relationship with petitioner. Respondent does not dispute, however, that she met with PCE only twice in 2021, and that petitioner attempted to arrange meetings between PCE and respondent. Consequently, the trial court did not clearly err by determining that MCL 712A.19b(3)(f)(*ii*) had been met, and that termination of respondent's parental rights therefore was warranted under MCL 712A.19b(3)(f)

## B. BEST INTERESTS

Respondent contends that the trial court erred by finding that termination of her parental rights was in PCE's best interests because the trial court did not sufficiently weigh all the evidence presented. We disagree.

When the trial court finds that the petitioner has established a statutory basis for termination, the trial court must terminate the parent's rights if a preponderance of the evidence demonstrates that termination is in the child's best interests. MCL 712A.19b(5); *In re Medina*, 317 Mich App 219, 236-237; 894 NW2d 653 (2016). We review the trial court's decision regarding a child's best interests for clear error. *In re Sanborn*, 337 Mich App 252, 276; 976 NW2d 44 (2021).

To determine whether termination of parental rights is in a child's best interests, the trial court is required to weigh the available evidence and consider a wide variety of factors, such as the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, the advantages of the foster home over the parent's home, the length of time the child was in care, and the likelihood that the child could be returned to the parent's home in the foreseeable future. *In re Atchley*, 341 Mich App 332, 346; 990 NW2d 685 (2022). The child is the focus of the best-interests determination, not the parent, *id*., and the child's interest in a normal family home is superior to any interest of the parent, *In re Moss*, 301 Mich App 76, 89; 836 NW2d 182 (2013).

Respondent argues that when determining PCE's best interests, the trial court failed to consider that she had been sober for a year, had stable housing, and was employed. A review of the record demonstrates that the trial court considered respondent's progress, but concluded that termination nonetheless is in PCE's best interests. Respondent's housing is substantially less stable than petitioner's; she admitted to living in three different places since petitioner was appointed guardian in 2021, and at the time of the termination hearing, respondent was living with a roommate at the home of the roommate's father. Respondent also admitted that until recently she had been unable to care for the child. By contrast, petitioner has continually lived in a home with PCE for over three years, and works two jobs, one of which is a managerial position. Petitioner also has a family support network to assist in the care of PCE.

The trial court found that PCE and petitioner share a strong bond; by contrast, respondent left PCE in the care of petitioner in 2020, and thereafter visited briefly only three times resulting in a total lack of bond between respondent and the child. The trial court specifically questioned

-4-

respondent about her drug use, sobriety, employment, and housing, but focused on PCE's need for stability. The record clearly demonstrates that petitioner provided permanence and stability for PCE, while respondent failed to do so. The trial court properly focused on the child's best interests rather than respondent's, see *In re Atchley*, 341 Mich App at 346, and did not clearly err by determining that termination of respondent's parental rights was in PCE's best interests.

Affirmed.

/s/ Michael F. Gadola
/s/ Brock A. Swartzle
/s/ Anica Letica